# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-642V
**Filed: August 21, 2018**

*******************************************
| | | |
|---|---|---|
| KELLIE DOVRE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Roth |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
*******************************************

## ORDER DENYING PETITIONER'S MOTION FOR REDACTION

On May 31, 2016, Kellie Dovre ("Ms. Dovre" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[1] (the "Vaccine Act" or "Program"). The petition alleged that the influenza vaccination Ms. Dovre received on November 1, 2013 caused her to develop tinnitus, hearing loss, and vertigo. Petition at 1.

On March 21, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("Motion"), but requested interim costs only in the amount of $6,640.00. Motion at 2, ECF No. 37. On March 28, 2018, respondent filed a Response to Motion for Interim Attorneys' Fees and Costs ("Response"), deferring to the special master as to whether petitioner met the legal standard for an awards of interim costs. Response at 2-3, ECF No. 38. Per the Scheduling Order issued on April 25, 2018 (ECF No. 39), petitioner filed a Motion to Supplement her previous Motion for Interim Attorneys' Fees and Costs on May 10, 2018, providing additional documentation in support of her submitted costs for expert fees. *See* Motion to Supplement at 4-7, ECF No. 46. On July 16, 2018, I awarded petitioner $6,240.000 for the cost of her experts for reasons set forth in the decision. *See* Decision on Interim Attorneys' Costs ("Decision") at 2-3, ECF No. 48.

On July 18, 2018, petitioner timely filed a Motion for Redaction. ECF No. 51. In her Motion for Redaction, petitioner requested that any medical files or medical information referred

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to in the Costs Decision be redacted, specifically any mention of the injuries petitioner alleged to have occurred. Motion for Redaction at 1. On August 3, 2018, respondent filed his Response to the Motion to Redact. ECF No. 58. Petitioner's Reply was due by August 10, 2018, but she declined to file one. For the reasons explained below, petitioner's motion is DENIED.

## I.  Legal Authority

Members of the public have the right to access court documents. *See Nixon v. Warner Comm. Inc,* 435 U.S. 559, 597 (1978). Public disclosure of court records is essential to the development of the common law. When the Vaccine Program was established, Congress decided to have the claims adjudicated within the federal court system, indicating an intent that the traditional policy of public disclosure of judicial decisions should apply to Program cases. *Castagna v. Sec'y of Health and Human Servs.,* No. 99-411V, 2011 WL 4348135, at *1 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *see also Rhone Poulenc Argo, S.A. v. DeKalb Genetics Corp.,* 284 F.3d 1323, 1329 n.3 (Fed. Cir. 2002); *Anderson v. Sec'y of Health and Human Servs.,* 2014 WL 3294656 at *3.[2] In some circumstances, courts seal or redact their decisions. However, it should be noted that the preferences of the parties about public access to decisions are not binding. *Reidell v. United States,* 47 Fed. Cl. 209 (2000) (declining to vacate the underlying decision as the parties had requested in settling the case).

The E-Government Act of 2002 requires that all federal courts maintain a website to provide public access to "docket information for each case" and "access to the substance of all written opinions issued by the court." E-Government Act § 205(a). To implement this law, the Court of Federal Claims added RCFC 5.2, which allows for redactions of electronic filings that contain social security numbers, taxpayer-identification numbers, birth dates, account numbers, or the name of a minor. RCFC 5.2(a). *See also Pearson v. Sec'y of Dep't of Health and Human Servs.,* No. 03-2751V, 2011 WL 4863717, at *3 (Fed. Cl. Spec. Mstr. Sept. 22, 2011).

With that in mind, we turn to the Vaccine Act itself. Section 12(d)(4)(B) of the Vaccine Act governs redactions. It states that:

> A decision of a special master in a proceeding *shall be disclosed,* except that if the decision is to include information –
> (i)   which is trade secret or commercial or financial information which is privileged and confidential, or
> (ii)  which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

---

[2] In 2016, Special Master Moran issued a published Order painstakingly detailing the history of redactions in Vaccine Program cases. *K.O., parent of A.F., a minor, v. Sec'y of Health and Human Servs.,* No. 13-472V, 2016 WL 7634492. After explaining the legislative history of the Act's redaction provision and different special masters' approaches to redaction, he concluded that that case was sufficiently extraordinary to warrant redaction of some material. I agree wholeheartedly with his reasoning. Like *R.K. on behalf of A.K. v. Sec'y of Health and Human Servs.,* 125 Fed. Cl. 276 (2016), the petitioner in *K.O.* presented unique circumstances. Here, there is no such showing, and so I reach a different conclusion.

and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 12(d)(4)(B) (emphasis added). The Court of Appeals for the Federal Circuit has yet to interpret this provision, meaning that there is no binding authority regarding how the provision should be applied. As this case does not involve trade secrets or commercial or financial information, petitioner's request relies upon § 12(d)(4)(B)(ii).[3] The question thus becomes: what constitutes a "clearly unwarranted invasion of privacy"?

In an absence of binding precedent, special masters have generally not favored redactions, although there are some notable exceptions. I note that in cases involving minors, special masters routinely redact the case caption and substantive rulings and decisions to the child's initials. All other redactions are based upon a petitioner's unique circumstances. However, in recent years, special masters have generally only rarely found that an adult petitioner's circumstances warrant redaction.

### A. Rulings denying redaction: the *Langland* approach

Several special masters have concluded that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. Further, special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee placed his or her medical condition in contention by filing a claim. Moreover, the publication of Program decisions is necessary so that future petitioners can see what types of cases are meritorious.

In *Langland,* the petitioners requested the redaction of either all medical information or all identifying information. The then-Chief Special Master denied the petitioners' request, ruling that special masters may only redact medical information "if the requesting party can show that disclosure would be an invasion of privacy, and that that invasion would be 'clearly unwarranted.'" *Langland v. Sec'y of Health and Human Servs.,* No. 07-36V, 2011 WL 802695, at *6 (Fed. Cl. Spec. Mstr. Feb. 3, 2011). The then-Chief Special Master found that "the context of the statutory structure" and the "emphatic language" employed by Congress in § 12(d)(4)(B) mean that "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction." *Id.*

The Court of Federal Claims affirmed the Chief Special Master's determination and analysis of the redaction issue in a footnote. 109 Fed. Cl. 421, 424 n.1 (2013). Generally, petitioners must make a strong showing that redaction is warranted in order for their requests to be granted. *See also Castagna v. Sec'y of Health and Human Servs.,* No. 99-411V, 2011 WL

---

[3] I note that petitioner's Motion for Redaction failed to include citations to any statutory provision or case law supporting redaction in this matter. Moreover, petitioner neglected to provide any justification for the redaction. I further note that Vaccine Rule 18(b) requires a party requesting redaction to "provide the court with a proposed redacted version of the decision." Petitioner has not done so in this matter, but her failure to provide a proposed redacted version has had no impact on my ultimate determination.

4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Anderson v. Sec'y of Health and Human Servs.,* No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).

When denying redaction requests, special masters have concluded that Congress clearly intended for members of the public to be able to access Program decisions. Although "Congress was cognizant of privacy concerns in vaccine injury cases," and even opted to protect petitioners' privacy by prohibiting members of the public from accessing the case file, Congress did "mandate[] disclosure of a special master's decision." *Castagna,* 2011 WL 4348135, at * 1. Special Master Lord found "no evidence in the legislative history of intent to create a private court by hiding information about the identities of petitioners, the nature of their claims, or the awards made under the Vaccine Program." *Id.* As then-Chief Special Master Vowell noted, "Congress could have protected all information in a decision drawn from medical files. It did not." *Anderson,* 2014 WL 3294656, at *3. That Congress specifically chose to place the Vaccine Program within the federal judiciary and also chose to require the disclosure of special masters' decisions clearly indicates an intent for members of the public to be able to access those decisions in their entirety.

Special masters have also denied petitioners' requests for redaction when they have failed to comply with the statute and establish that disclosure of information would constitute a clearly unwarranted invasion of privacy. In *Anderson,* the petitioners requested that all identifying information be redacted but failed to explain how the public disclosure of the information contained in the special master's decision would either harm their child or constitute an invasion of the child's privacy. 2014 WL 3294656, at *4. Similarly, in *House,* the petitioner provided "no reason why publication of his administered vaccines, his ensuing symptoms, and his alleged vaccine injury would constitute a 'clearly unwarranted invasion of privacy.'" *House v. Sec'y of Dep't of Health and Human Servs.,* No. 99-406V, 2012 WL 402040, at *6 (Fed. Cl. Jan. 11, 2012). Then-Chief Special Master Campbell-Smith noted that the *House* petitioner objected to the disclosure of "the very information that supported [his] claim for compensation and informed [the special master]'s decision that petitioner was not entitled to a damages award." *Id.* The petitioner had put that very information at issue by filing his claim.

### B. Rulings granting redaction

Although recently special masters have generally followed the *Langland* approach, on occasion, special masters and judges have found redactions to be warranted. In *W.C.,* the special master initially denied petitioner's motion to redact. On review, a judge of the Court of Federal Claims reversed. The court determined that, given their similarities, the Vaccine Act's privacy provisions should be read in concert with the Freedom of Information Act's privacy provisions. The court then endorsed a balancing test. The court stated that the special masters' decisions had to contain petitioners' medical information in order to allow the law to develop. However, the judge concluded that it was not necessary for a vaccinee's name to be made public. *W.C. v. Sec'y of Health and Human Servs.,* 100 Fed. Cl. 440, 456-61 (2011).

The petitioner in *W.C.* presented unique circumstances. He argued that disclosure of his medical information would be a clearly unwarranted invasion of privacy because it could undermine his career. The petitioner in that case was a federal employee whose position required him to testify on behalf of the government. He was concerned that public disclosure of his medical

condition could discredit his testimony. *Id.* at 447. The court found that redaction of petitioner's name was proper, but it retained the medical information in the decision.

The present case is distinguishable from *W.C.*. Here, petitioner seeks to have any mention of her alleged injuries redacted without giving any justification for why that would be necessary. *See Castagna*, 2011 WL 4348135, at *10 ("By Act of Congress, in sum, decisions of special masters presumptively are public documents, and a petitioner requesting redaction of a decision must make an affirmative, factual showing that redaction is proper.") Without any explanation as to why petitioner wants any mention of her injuries redaction, there is no sufficient reason to satisfy the criteria and justify redaction in this case.

## II. Discussion

In the instant case, petitioner has requested but provided no compelling reason as to why any mention of petitioner's alleged injuries should be redacted.

Like the petitioners in *Anderson,* Ms. Dovre has not complied with the statute to establish that the disclosure of her alleged injuries would constitute a clearly unwarranted invasion of privacy. Instead, like the petitioners in *Anderson,* Ms. Dovre simply assumes that she is "entitled to protection from the disclosure of all . . . medical information contained in my ruling." *Anderson,* 2014 WL 3294656 at *4. That is simply not the case.

Special Master Lord may have summarized the competing interests best when she stated:

> The privacy provisions contained in the Vaccine Act must…be construed in light of the traditional common law right of access to judicial decisions… I find no basis on which to withhold information concerning actions taken by special masters, who are public officials, in resolving claims and disposing of public funds. Without persuasive justification, I cannot accede to [p]etitioner's demand for secrecy, however sympathetic I may be to the desire of individuals to withhold from public scrutiny matters of personal concern.

*Castagna,* 2011 WL 4348135 at *1.

Special masters have noted that in-depth decisions are necessary for the development of the common law in Vaccine Act cases. "Given the nature of the Vaccine Act cases, eliminating all medical or similar information from decisions would render them unintelligible and entirely uninformative to the public." *Anderson,* 2014 WL 3294656, at *3. Congress knew this, and elected to protect only medical information that constitutes a "clearly unwarranted invasion of privacy." As former Chief Special Master Vowell remarked, "a 'clearly unwarranted invasion of privacy' thus cannot mean *all* medical or similar information." *Id. (emphasis in original).* Otherwise, it would be impossible for petitioners and their counsel to accurately assess the merits of their case or to pursue new causation theories. Disclosure of information about the health of a vaccinee is essential to the development of case law and to future petitioners. By reading cases alleging similar injuries, future petitioners and their counsel can better assess the merits of a claim. This allows case law to develop over time, which ultimately benefits anyone who considers filing a petition.

### III.     Conclusion

There is an overriding presumption that decisions of courts should be made available to the public. The Court of Federal Claims and the Office of Special Masters are governed by Congress. While the Vaccine Act does include a provision for redaction of certain sensitive information, it is not generally invoked to protect the privacy of adult petitioners. The Vaccine Act and the E-Government Act compel me to post decisions and substantive rulings on the Court's website. There is no reason to grant petitioner's request.

The original Decision issued on July 16, 2018, will be posted in its entirety to the Court's website thirty five days after this decision is issued. Petitioner's Motion to Redact is **DENIED.**

**IT IS SO ORDERED**.

                                                                **s/Mindy Michaels Roth**
                                                                Mindy Michaels Roth
                                                                Special Master