# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-642V

Filed: February 27, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KELLIE DOVRE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Scott Rooney, Esq.*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
*Voris Johnson, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 31, 2016, Kellie Dovre ("Ms. Dovre" or "Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed severe tinnitus, profound hearing loss, and vertigo as a result of receiving an influenza vaccination on or about November 1, 2013. Stipulation, filed November 19, 2018, 2018, at ¶¶ 1-4. On November 19, 2018, the parties filed a joint stipulation awarding petitioner compensation, which the undersigned adopted as her Decision awarding damages on the same day. ECF No. 66.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On November 27, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 67 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $19,560.75 (representing $18,288.00 in attorneys' fees and $1,272.75 in costs). Fees App at 2. Respondent responded to the motion on November 27, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 68. Petitioner did not file a reply thereafter, but filed supplemental information concerning attorneys' costs requested by the Court on February 14, 2019. ECF No. 73.

This matter is now ripe for consideration.

**I.     Legal Framework**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation, he is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

**II.    Discussion**

**a.  Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that her attorney, Mr. Scott Rooney, be compensated at a rate of $350.00 per hour for all work performed. Fees App. at 2. Although $350.00 per hour is a reasonable rate for Mr. Rooney's work in 2018, it exceeds what he has previously been awarded for work from 2014-2017. *See Thomas v. Sec'y of Health & Human Servs.*, No. 14-966V, 2018 WL 5725184, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018) (holding that $300.00 per hour is a reasonable rate for Mr. Rooney's work before 2018 and declining to retroactively raise his past rates); *Pusateri v. Sec'y of Health & Human Servs.*, No. 16-467V, 2019 WL 460158, at *1 (Fed. Cl. Spec. Mstr. Jan 9, 2019) (following the ruling in *Thomas* and noting that future fees applications from Mr. Rooney should submit billing logs that reflect an hourly rate of $300.00 per hour for work prior to 2018).

The undersigned agrees with the rulings in *Thomas* and *Pusateri* and will compensate Mr. Rooney at $300.00 per hour for all work performed prior to 2018. Because the billing records submitted indicate that Mr. Rooney performed 40.1 hours of work on this matter from 2014-2017, this results in a reduction of **$2,005.00**.

### b. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691,

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter (60.0) appear to be reasonable. The undersigned has reviewed the submitted documentation and does not find any entries to be objectionable, and Respondent has not pointed to any particular entries as objectionable either. Accordingly, based on the rates determined, Petitioner shall be awarded a total of **$16,283.00** in attorneys' fees.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,272.75 in costs. Fees App. at 16. This amount includes obtaining medical records, making copies, postage, and the Court's filing fee. Petitioner has provided adequate documentation for these costs. However, of the amount requested, $177.50 is for "Fax/Scan." *Id.* at 14-16. Operating a fax machine is a cost better categorized as an overhead expense inherent to operating a law firm, and thus it is not compensable. *Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018); *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). Accordingly, Petitioner is awarded final attorneys' costs of **$1,095.25**.

### III. Conclusion

Based on the foregoing, the undersigned **awards the total of $17,378.25**, representing $16,283.00 in attorneys' fees, and $1,095.25 in costs, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Scott Rooney, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master